UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN WHEELER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ZACHARY MAYO and SPIRIT LAKE POLICE DEPARTMENT,<br><br>　　　　　　Defendants. | Case No. 2:25-cv-00510-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Shawn Wheeler is proceeding pro se and in forma pauperis in this civil rights action. At the time he filed this action, Plaintiff was an inmate held in the Kootenai County Jail. Plaintiff has since been released. *See* Dkt. 10. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *Initial Review Order*, Dkt. 9.

Plaintiff has now filed an Amended Complaint. *See* Dkt. 12. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having screened the Amended Complaint, the Court enters the following order allowing Plaintiff to proceed on his Fourth Amendment excessive force claim against Defendant Mayo.

**1.     Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

**2.    Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff's initial complaint did not contain any allegations regarding the factors that must be balanced in a Fourth Amendment excessive force analysis. *See Davis v. City of Las Vegas*, 478 F.3d 1048, 1053–54 (9th Cir. 2007). The Amended Complaint does contain such allegations. Plaintiff asserts that he was not committing a crime but was merely riding his bicycle and that Defendant Officer Mayo maneuvered his car so Plaintiff would crash into it and then tackled Plaintiff to the ground. *Am. Compl.* at 2–6. These allegations are sufficient to state a plausible excessive force claim against Defendant Mayo. *See Davis*, 478 F.3d at 1053–54 (amount of force

used must be considered in light of the severity of the crime, whether plaintiff posed a threat, whether plaintiff was resisting or attempting to flee, and the availability of alternative methods of subduing plaintiff).

However, the Amended Complaint does not state a plausible excessive force claim against Defendant Spirit Lake Police Department. As the Court explained in the Initial Review Order, a § 1983 claim against a local governmental entity requires the plaintiff to show that a policy, custom, or practice of the entity caused the constitutional violation. *See* Dkt. 9 at 3–4; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Like the initial complaint, the Amended Complaint contains no allegations supporting a reasonable inference that Defendant Mayo's actions were the result of a policy, custom, or practice of the Spirit Lake Police Department.

## CONCLUSION

Plaintiff may proceed as outlined above. This Order does not guarantee that Plaintiff will be successful. Rather, it merely finds that Plaintiff's excessive force claim against Defendant Mayo is plausible—meaning that the claim will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendant may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[1] Because (1) prisoner filings must be afforded a liberal construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an early motion for

---

[1] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the Amended Complaint under §§ 1915 and 1915A. Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to §§ 1915 and 1915A and may be filed only in extraordinary circumstances.

summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses such as entitlement to qualified immunity.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Amended Complaint (Dkt. 11) is GRANTED.

2. Plaintiff may proceed on his excessive force claim against Defendant Mayo. All other claims are DISMISSED, and the Spirit Lake Police Department is TERMINATED as a party to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to further amend the complaint to assert such claims.[2]

3. Because Plaintiff is proceeding in forma pauperis (*see* Dkt. 8), officers of the Court will "issue and serve all process." 28 U.S.C. § 1915(d). However, it remains an in forma pauperis plaintiff's responsibility to provide the Court with the defendants' service addresses. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (upholding dismissal of pro se complaint where plaintiff did not provide the Marshal with sufficient information to effect service), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) ("While in forma pauperis plaintiffs should not be penalized for a

---

[2] Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

marshal's failure to obtain proper service, it was [Plaintiff's] responsibility to provide proper addresses for service …."). Accordingly, within 90 days after entry of this Order, Plaintiff must provide the Court with the physical service address of Defendant Mayo so that the Court can effect service. If Plaintiff does not do so, this case may be dismissed for lack of service. *See* Fed. R. Civ. P. 4(m).

4. After Defendant appears, the Court will issue an order governing the pretrial schedule, including disclosure and discovery in this case. *See* General Order 343, *In Re: Adoption of a Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases* (Feb. 8, 2019).

5. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

6. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

7. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an

appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

8. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

9. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

10. Pursuant to General Order 457, this action is hereby RETURNED to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: February 10, 2026

_____
Amanda K. Brailsford
U.S. District Court Judge